**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JAMES D. NOLAND JR., | Case No. 2:18-cv-01275-JAD-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| ORGANO GOLD INTERNATIONAL, INC., et al., | |
| Defendants. | |

Presently before the court is plaintiff James D. Noland Jr.'s motions for an order for substituted service (ECF Nos. 51, 63). Also before the court is plaintiff's motion for leave to file to file an amended motion for substituted service (ECF No. 57), filed on October 3, 2018.

This case arises from allegations that plaintiff's partners, defendants Bernard Chua and Shane Morand, conspired with defendants Holton Buggs Jr. and Jamie Foo to defraud plaintiff of his ownership shares in Organo Gold Enterprises Inc. (Compl. (ECF No. 1).) Plaintiff now moves for substituted service of defendant Foo and defendant Morand. Plaintiff requests to serve Foo by serving a representative at her last known place of business. (Mot. Request for Order (ECF No. 51).) Further, plaintiff requests to serve Morand by email and through his social media accounts. (Mot. Request for Order (ECF No. 63).)

Federal Rules of Civil Procedure Rule 4(f) govern service on an individual in a foreign country. Rule 4(f) authorizes foreign service of process on an individual "by any agreed upon means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents . . . ." Fed. R. Civ. P. 4(f)(1).[1] Service on applicable defendants must conform to the requirements of the Hague

---

[1] Federal Rule of Civil Procedure 4(f) provides, in relevant part:

Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Convention"), to the extent that it applies. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699-706 (1988) (indicating that compliance is mandatory to all cases to which the Hague Service Convention applies); *see also service Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). As both the United States and Canada are signatories to the Convention, the Convention is applicable here. 20 U.S.T. 361 (1965).

Here, the court is unable to determine whether plaintiff has complied with the Convention. Therefore, plaintiff must submit additional briefing on his compliance with the Convention within 21 days of this order.

IT IS SO ORDERED.

DATED: November 8, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

---

Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
    (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
    (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
    (C) unless prohibited by the foreign country's law, by:
        (i) . . .
        (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
(3) by other means not prohibited by international agreement, as the court orders.