# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES D. NOLAND JR., | Case No. 2:18-cv-01275-JAD-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| ORGANO GOLD INTERNATIONAL, INC., et al., | |
| Defendants. | |

Presently before the court is plaintiff James D. Noland Jr.'s motions for an order for substituted service (ECF Nos. 51, 63) on defendants Foo and Morand. Also before the court is plaintiff's motion for leave to file a supplemental motion for order of substituted service on defendant Foo (ECF No. 57).

This case arises from allegations that plaintiff's partners, defendants Bernard Chua and Shane Morand, conspired with defendants Holton Buggs Jr. and Jamie Foo to defraud plaintiff of his ownership shares in Organo Gold Enterprises Inc. (Compl. (ECF No. 1).) Plaintiff now moves for substituted service of defendant Foo and defendant Morand. Plaintiff originally sought to serve Foo by serving a representative at her last known place of business. (Mot. Request for Order (ECF No. 51).) However, plaintiff now seeks to amend his request to serve defendant Foo by mailing the summons to Foo's residence in British Columbia and to have a process server post the summons, complaint and order on the door of her British Columbia residence. (Mot. for Leave (ECF No. 57-2) at 3-4.)

Plaintiff also requests to serve Morand by email and through his social media accounts. (Mot. Request for Order (ECF No. 63).) Per the court's order, plaintiff submitted additional briefing in support of his request. (Additional Briefing (ECF No. 76).) Given that plaintiff now seeks to amend his original motion for substituted service as defendant Foo, the court will deny

that motion (ECF No. 51) as moot and address the arguments in plaintiff's amended motion (ECF No. 57-2) and his motion for substituted service on Morand (ECF No. 63).

Federal Rules of Civil Procedure Rule 4(f) govern service on an individual in a foreign country. Rule 4(f) authorizes foreign service of process on an individual "by any agreed upon means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents . . . ." Fed. R. Civ. P. 4(f)(1).[1] Service on applicable defendants must conform to the requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Convention"), to the extent that it applies. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699-706 (1988) (indicating that compliance is mandatory to all cases to which the Hague Service Convention applies); *see also service Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). As both the United States and Canada are signatories to the Convention, the Convention is applicable here. Hague Convention, 20 U.S.T. 361 (1965).

Here, plaintiff submits that the Convention applies only as to defendant Foo, whose address is known, and that the Convention does not apply to defendant Morand, whose address is unknown. (Additional Briefing (ECF No. 76).) Plaintiff cites to *Volkswagenwerk Aktiengesellschaft v. Schlunk* in support of his argument. 486 U.S. 694, 699- (1988). In *Schlunk* the Supreme Court held that the Convention does not apply when a valid service of process is

---

[1] Federal Rule of Civil Procedure 4(f) provides, in relevant part:
    Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
    (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
    (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
        (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
        (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
        (C) unless prohibited by the foreign country's law, by:
            (i) . . .
            (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
    (3) by other means not prohibited by international agreement, as the court orders.

conducted on a foreign corporations' domestic subsidiary, as permitted by state law. *See id.* at 706-707. Unlike *Schlunk*, plaintiff seeks to serve two individuals, not corporations. Additionally, plaintiff no longer proposes to serve an "agent" of either defendant, nor offers any legal basis to support his proposition that he may do so. Thus, the court is not persuaded by this line of reasoning.

Nonetheless, plaintiff concedes that the Convention applies to defendant Foo. *See* Hague Convention, art. 1, 20 U.S.T. at 362 (the Convention applies where one seeks to "transmit a judicial . . . document for service abroad . . . ."). The court directs plaintiff to Article 2 of the Convention, where the Convention states that contracting states are to designate a Central Authority to handle requests for service from other contracting states. *See id.* art. 2. To that end, plaintiff is advised to comply with Canada's Central Authority's process for service. Given that plaintiff has not demonstrated compliance with the Convention, the court will deny his amended motion for substituted service on defendant Foo without prejudice.

Plaintiff also submits that the place of residence for defendant Morand is unknown, as he has not resided at his last known address for the last five years. (*See* Mot. Request for Order (ECF No. 63) at 3.) However, plaintiff also purports that Morand is a resident of Canada. Given that Canada and the United States are signatories to the Convention, plaintiff must comply with Canada's Central Authority's process for service as to defendant Morand. The court will therefore deny plaintiff's motion for substituted service as to defendant Morand without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file a supplemental motion for order of substituted service on defendant Foo (ECF No. 57) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must detach and file plaintiff's amended motion for an order of substituted service (ECF No. 57-2).

IT IS FURTHER ORDERED that plaintiff's amended motion for an order of substituted service is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for an order for substituted service (ECF No. 51) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for an order for substituted service (ECF No. 63) is DENIED without prejudice.

DATED: December 4, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE