# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES D. NOLAND JR., | Case No. 2:18-cv-01275-JAD-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| ORGANO GOLD INTERNATIONAL, INC., et al., | |
| Defendants. | |

Presently before the court is defendants Organo Gold Enterprises, Inc., Organo Gold International, Inc., Bernardo Chua, and Holton Buggs, Jr.'s motion to quash deposition notices and for protective order (ECF No. 89), filed on November 20, 2018. Plaintiff James D. Noland Jr. filed a response (ECF No. 92) on December 14, 2018. Defendants filed a reply (ECF No. 103) on December 21, 2018.

Also before the court is plaintiff's motion to amend the discovery plan and scheduling order (ECF Nos. 110, 111, 112), filed on January 31, 2019. Defendants Jane Doe Buggs and Holton Buggs, Jr. filed a response (ECF No. 113) on February 14, 2019. Defendants Bernardo Chua, Organo Gold International Inc., and Organo Gold Enterprises Inc. filed a response (ECF No. 114) on February 14, 2019. Plaintiff filed a reply (ECF Nos. 115, 116) on February 21, 2019.

**I.     BACKGROUND**

This case arises from allegations that plaintiff's partners, defendants Bernard Chua and Shane Morand, conspired with defendants Holton Buggs Jr. and Jamie Foo to defraud plaintiff of his ownership shares in Organo Gold Enterprises Inc. (First Amended Compl. (ECF No. 78).) Plaintiff alleges violations of federal and state RICO statutes, along with conspiracy to violate RICO statutes. (*Id.*) Plaintiff also alleges that the underlying subject matter in this action is

similar to a lawsuit originally initiated in Canada.[1] (*Id.*) Plaintiff alleges that he initiated the instant action because Canada does not have RICO statutes or an equivalent that permits a civil remedy. (*Id.*) The court issued a scheduling order in this case, providing January 30, 2019 as the discovery cut-off deadline. (Scheduling Order (ECF No. 49).)

Defendant Organo Gold International, joined by Chua, filed a motion for summary judgment, arguing that plaintiff's claims are time-barred because he waited nine years to file the complaint in this action. (Mot. for Summary Judgment (ECF No. 82).) Plaintiff responds that his claims are subject to equitable tolling because of his ongoing litigation in Canada and his use of Canadian attorneys unfamiliar with United States RICO statutes. (Resp. (ECF No. 101).) Plaintiff also argues that defendants engaged in fraudulent concealment and that the fraudulent actions were not discovered until 2018. (*Id.*) Defendants reply that the statute of limitations began to run once plaintiff discovered the alleged injury in 2009, and that plaintiff has not met his burden in demonstrating fraudulent concealment. (Reply (ECF No. 100).)

Defendants Organo Gold Enterprises, Inc., Organo Gold International, Inc., Bernardo Chua, and Holton Buggs, Jr. now move to stay discovery pending the resolution on Organo Gold International, Inc. and Chau's motion for summary judgment (ECF Nos. 82-84, 87) and to quash plaintiff's depositions notices. (Joint Mot. to Quash (ECF No. 89).) Plaintiff responds that the request to quash deposition notices is moot because the deposition dates passed without an appearance from defendants. (Resp. (ECF No. 101).) Plaintiff also argues that discovery should not be stayed because defendants are unlikely to succeed on the pending motion for summary judgment. (*Id.*) Defendants reply that discovery is unnecessary to resolve the underlying motion for summary judgment, and that the motion for summary judgment is likely to be granted. (Reply (ECF No. 103).) Lastly, defendants concede that the request to quash the deposition notices is moot. (*Id.*)

---

[1] Defendants contend that plaintiff initiated the Canadian action more than eight years ago. (*See* Mot. for Summary Judgment (ECF No. 82) at 3.)

On January 31, 2019, at 12:04 a.m., plaintiff filed the instant motion requesting a 60-day extension of discovery deadlines, including the January 30, 2019 discovery cut-off date, and requesting that the court strike defendants' answers. (Mot. to Amend (EC No. 110).) Defendants Jane Doe Buggs, Holton Buggs, Jr., Bernardo Chua, Organo Gold International Inc., and Organo Gold Enterprises Inc., do not oppose an extension of deadlines after January 31, 2019, the date that plaintiff filed the motion. (*See* Resp. (ECF Nos. 113, 114).) Plaintiff replies that he has demonstrated excusable neglect for an extension of the discovery cut-off deadline, and plaintiff also withdraws his request to strike defendants' answers. (Reply (ECF Nos. 115, 116).)

## II.   MOTION TO QUASH DEPOSITION NOTICES AND TO STAY DISCOVERY

Defendants move to quash deposition notices and to stay discovery pending a ruling on the motion for summary judgment. However, in the course of briefing this motion, the parties agree that the request to quash the deposition notices is moot. As such, the court denies the request to quash and will only resolve the motion to stay.

Courts have broad discretionary power to control discovery, including the decision to stay discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When evaluating whether to stay discovery, the court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the rule must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citation omitted). But the Rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. *Id.* at 600–01. Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.*

In determining whether to stay discovery, the court considers whether (1) the pending motion is potentially dispositive of the entire case, or at least of the issue on which discovery is sought; and (2) the potentially dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013).

This analysis requires the court to take a "preliminary peek" at the potentially dispositive motion. *Tradebay*, 278 F.R.D. at 603. This assessment is meant not to prejudge a motion's outcome but, rather, to accomplish the cost- and time-saving objectives of Rule 1 by evaluating the justice of either permitting or delaying discovery. *Id.* Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner*, 175 F.R.D. at 556 (quotation omitted).

After conducting a primary peek of defendants Organo Gold International and Chua's motion for summary judgment, the court in its discretion finds that a stay of discovery is warranted. The pending motion for summary judgment, if granted, would dispose of this case in its entirety. Further, the motion for summary judgment can be decided without additional discovery. The central issues in defendants' summary judgment are whether plaintiff's claims are time-barred by the statute of limitations, and whether plaintiff is entitled to equitable tolling. Whether or not to stay discovery is a close question, given that the parties dispute when plaintiff was aware of the injury caused by defendants' alleged actions. However, additional discovery will not aid the court in determining whether the claims are time-barred or whether equitable tolling is applicable. As such, the court will stay discovery pending the outcome of the motion for summary judgment.

## III.  MOTION TO EXTEND DISCOVERY

Plaintiff also moves to extend the discovery deadlines in the court's scheduling order, and to strike defendants' answers. However, plaintiff has withdrawn his request to strike, and the court is staying discovery. As such, plaintiff's motion to extend discovery deadlines is denied without prejudice. If the court denies the motion for summary judgment, plaintiff may refile the motion for additional time to conduct discovery.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that defendants' motion to quash deposition notices and for protective order (ECF No. 89) is DENIED in part and GRANTED in part.

IT IS FURTHER ORDERED that discovery is STAYED pending the resolution of the motion for summary judgment (ECF No. 82).

IT IS FURTHER ORDERED that plaintiff's motion to amend the discovery plan and scheduling order (ECF Nos. 110, 111, 112) is DENIED without prejudice.

DATED: April 23, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE