# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| James D. Noland, Jr., <br><br> Plaintiff <br><br> v. <br><br> Organo Gold International, Inc., et al., <br><br> Defendants | Case No.: 2:18-cv-01275-JAD-DJA <br><br> **Order Granting in Part and Denying in Part Organo Gold's Motion for Summary Judgment or Judgment on the Pleadings, Denying Other Pending Motions as Moot, and Closing this Case** <br><br> [ECF Nos. 80, 82, 87, 94, 117, 118, 130, 133, 142, 145, 146] |

James D. Noland, Jr. brings this civil action for racketeering and conspiracy against his former partners in Organo Gold Enterprises, Inc., a multi-level marketing company, and others he alleges they conspired with. Defendant Organo Gold International, Inc.,[1] joined by the other defendants,[2] moves for summary judgment or judgment on the pleadings, arguing that Noland's federal- and state-law racketeering claims are time-barred.[3] Because it is plain on the face of Noland's first amended complaint that his two federal RICO claims are time-barred and that he has not alleged any facts that would allow me to toll the statute of limitations governing those claims, I grant the defendants' motion for judgment on the pleadings as to Noland's federal RICO claims. And, I decline to exercise supplemental jurisdiction over Noland's state racketeering claims. Because this order leaves no claims pending in this action, I deny all other motions as moot.

---

[1] ECF No. 82.
[2] ECF Nos. 87, 94, 118.
[3] ECF No. 82.

## Background[4]

In 2008, Noland, Bernardo Chua, and Shane Morand agreed to form a company to market ganoderma-based coffee through a network of independent distributors.[5] In an oral partnership agreement, Noland, Chua, and Morand agreed to divide the profits among themselves and with outside investors.[6] But one year later, Noland's relationship with his partners deteriorated:[7] they have denied Noland a role in Organo Gold's management since November 2009[8] and, on December 2, 2009, they informed Noland by letter that they had terminated his entitlement to a share of Organo Gold's profits.[9] The letter also stated that Noland's only relationship with Organo Gold was as a "former distributor."[10]

Noland previously filed a substantially similar lawsuit against the defendants in the Supreme Court of the Province of British Columbia, Canada.[11] Noland states that he initiated the instant action because Canada does not have RICO statutes or an equivalent statute with a civil remedy.[12]

In 2012, while the Canadian action was pending, Organo Gold formed several new entities in jurisdictions around the world.[13] Noland alleges that these "highly suspicious offshore

---

[4] The facts set forth below are a summary of Noland's allegations in his first amended complaint, ECF No. 78.
[5] *Id.* at ¶ 7.
[6] *Id.* at ¶ 10.
[7] *Id.* at ¶ 11.
[8] *Id.* at ¶ 12.
[9] *Id.* at ¶ 16.
[10] *Id.*
[11] *Id.* at ¶ 3.
[12] *Id.*
[13] *Id.* at ¶ 20.

2

machinations . . . carry with them many badges of fraud."[14] Noland alleges that these entities were formed and operated to "dilute the assets of Organo Gold through the creation of the byzantine maze so that no judgment of any court could ever reach them."[15]

Noland filed this suit in July 2018, asserting federal RICO, conspiracy to commit RICO, and Nevada racketeering claims under Nev. Rev. Stat. § 207.420. Noland identifies several predicate acts, alleging that defendants' conduct in denying him his share of Organo Gold's profits and forming and operating the overseas entities constituted repeated wire fraud violations.[16]

**Discussion**

**A.  Judgment-on-the-pleadings standard**

"[J]udgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."[17] The moving party bears the burden of establishing that, "on the face of the pleadings[,] no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."[18] In order to adjudicate a claim as time-barred under FRCP 12(c), the running of the statute of limitations must be "apparent on the face of the complaint."[19]

---

[14] *Id.* at ¶ 19.
[15] *Id.* at ¶ 28.
[16] *Id.* at ¶ 36–40.
[17] *U.S. v. Teng Jiao Zhu*, 815 F.3d 639, 642 (9th Cir. 2016).
[18] *Hal Roach Studios Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1989).
[19] *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006) (quotation omitted).

3

**B.     Noland's federal RICO claims are time-barred.**

The statute of limitations for federal civil RICO claims is four years.[20] To determine when a civil RICO claim accrues in the Ninth Circuit, courts apply both the injury-discovery and the separate-accrual rules.[21] Under the injury-discovery rule, "the limitations period begins to run when the plaintiff knows or should know of the injury [that] is the basis for the action."[22] This rule "encourages diligence in RICO prosecutions and insures that evidence remains fresh."[23] The "separate accrual rule" provides "that a new cause of action accrues for each new and independent injury, even if the RICO violation causing the injury happened more than four years before."[24] The statute of limitations restarts each time that there is a "new and independent act that is not merely a reaffirmation of a previous act" and that "inflict[s] new and accumulating injury on the plaintiff."[25] The Ninth Circuit's decision in *Grimmett v. Brown* illustrates the application of these rules.[26] In it, the Court held that the plaintiff's initial loss of her interest in a medical practice was her primary injury, and that subsequent acts in furtherance of the "same corporate reorganization/bankruptcy scheme" did not restart the statute of limitations because they merely reaffirmed the initial loss of interest.[27]

Noland sustained his primary injury when he was excluded from Organo Gold's management and profits. The December 2009 letter informed Noland that he was not a partner

---

[20] *Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996).
[21] *Id.* at 510–11.
[22] *Id.*
[23] *Id.* at 511.
[24] *Id.* at 510.
[25] *Id.* at 513 (quoting *Pace Indust., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 238 (9th Cir. 1987)).
[26] *Id.* at 510–17.
[27] *Id.* at 513–14.

in the business and would not share in the profits, triggering the statute of limitations. So it is clear from Noland's allegations that he learned of the injury that is the basis for his claim in 2009.

Noland relies on the separate-accrual rule to avoid the statute of limitations, arguing that he has been injured every month since November 1, 2009, by denial of monthly commissions to which he was entitled.[28] But these acts merely "reaffirm[]" the initial act to exclude Noland from Organo Gold.[29] In *Chancellor v. Legarza*, I held that the separate-accrual rule did not apply to similar facts.[30] The plaintiff argued that defendants' acts preventing him from re-acquiring his medical license resulted in, among other things, lost income, thus restarting the statute of limitations.[31] But I found that these acts merely reaffirmed the initial revocation of the plaintiff's license and that lost income from those subsequent acts flowed naturally from the initial revocation of his medical license.[32] Noland tries to distinguish that decision by arguing that he was entitled to a percentage of gross revenue rather than net profit,[33] but Noland alleges in his operative complaint that he is entitled to Organo Gold's "[p]rofits."[34] And even if true, this is a distinction without a difference. Noland alleges that his former partners informed him in writing that he was not a partner and was not entitled to a share of profits in December 2009—any subsequent denial of income was merely a reaffirmation of that initial act.

---

[28] ECF No. 98 at 16; *see also* ECF No. 78 at ¶ 38.
[29] *Grimmett*, 75 F.3d at 513.
[30] *Chancellor v. Legarza*, 2:15-cv-01707-JAD-PAL, 2016 WL 3769341 (D. Nev. 2016).
[31] *Id.* at *4.
[32] *Id.*
[33] ECF No. 98 at 16.
[34] ECF No. 78 at ¶ 17.

5

Noland also points to Organo Gold's alleged "offshore machinations" as independent injuries.[35] Like the "corporate reorganization/bankruptcy scheme" in *Grimmett,* however, these "offshore machinations" merely reaffirmed Noland's initial loss of his interest in Organo Gold. Even assuming the "offshore machinations" are independent acts that do not merely reaffirm previous acts and that inflict new injuries, they occurred in 2012.[36] Thus, even if the separate-accrual rule applies, Noland had until 2016 at the latest to timely file his federal RICO claims, absent tolling; he waited until July 2018.[37] I thus find that Noland's federal RICO claims are time-barred under the Ninth Circuit's standard.

**C.      Equitable tolling does not save Noland's untimely claims.**

"Equitable tolling doctrines, including fraudulent concealment, apply in civil RICO cases."[38] Noland argues that the statute of limitations was tolled because (1) his action was pending in the Supreme Court of the Province of British Columbia, Canada, and (2) the defendants fraudulently concealed their "offshore machinations." Organo Gold replies that (1) Noland is not entitled to equitable tolling based on his Canadian suit, and (2) Noland's fraudulent-concealment argument is meritless and irrelevant.

---

[35] ECF No. 98 at 17–23.

[36] Noland alleges that a change in the board of directors of one of the overseas entities in 2018 is a "'smoking gun' indicator of a change of ownership." ECF No. 78 at ¶ 25. But Noland does not allege that there was a change of ownership. Even if there were, a change of ownership of an entity formed subsequent to Noland's loss of interest in Organo Gold is not a "new and independent act that is not merely a reaffirmation of a previous act" that "inflict[s] new and accumulating injury on the plaintiff." *Grimmett*, 75 F.3d at 513. It merely reaffirms the initial act and does not inflict new injury.

[37] ECF No. 1 at 1.

[38] *Grimmett*, 75 F.3d at 515 (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1199 (9th Cir. 1988)).

6

### *1. Tolling based on Canadian action*

The Ninth Circuit held in *Mt. Hood Stages, Inc. v. Greyhound Corporation* that the statute of limitations should be equitably tolled during a prior proceeding if "permitting the subsequent litigation to proceed will further the purposes of Congress in creating the cause of action and in limiting the period for filing." [39] But "subsequent cases have read *Mt. Hood* narrowly."[40] In *Conley v. International Brotherhood of Electrical Workers*, the Ninth Circuit found tolling inappropriate where the prior action was merely a "parallel avenue[] of relief."[41] So "[e]quitable tolling is most appropriate when the plaintiff is required to avail himself of an alternative course of action as a precondition to filing suit."[42]

Noland's Canadian action was clearly a parallel avenue of relief, not a precondition to filing this suit. So Noland instead argues that equitable tolling is appropriate when there are civil proceedings pending at the same time.[43] He cites the Ninth Circuit's decision in *Emrich v. Touche Ross & Company* for this proposition, but, as Organo Gold points out, the Ninth Circuit did not hold that the plaintiffs' federal RICO claim was entitled to equitable tolling based on parallel litigation.[44] Instead, it remanded for application of federal and state tolling doctrines.[45] So *Emrich* does not compel tolling here.

---

[39] *Mt. Hood Stages, Inc. v. Greyhound Corp.*, 616 F.2d 394, 396 (9th Cir. 1980).
[40] *Grimmett*, 75 F.3d at 515.
[41] *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 916 (9th Cir. 1987).
[42] *Grimmett*, 75 F.3d at 515 (quoting *Conley*, 810 F.2d at 915).
[43] ECF No. 98 at 9–10.
[44] *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988).
[45] *Id.* at 1199.

The statute of limitations and injury-discovery rule applicable in this case serve to "encourage[] diligence in RICO prosecutions."[46] Tolling the statute of limitations on the basis of the Canadian action would encourage plaintiffs to delay filing RICO suits and lead to piecemeal civil litigation across multiple federal, state, and international jurisdictions. Because tolling would not further Congress's purposes in creating the RICO action and limiting the period for filing, I decline to toll the statute of limitations based on the parallel Canadian suit.

### 2. *Tolling based on fraudulent concealment*

"The doctrine [of fraudulent concealment] is properly invoked only if the plaintiff establishes 'affirmative conduct upon the part of the defendant [that] would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief.'"[47] Noland must "plead[] and prove[] that the defendant *actively* misled [him], and that [he] had neither actual nor constructive knowledge of the *facts constituting his cause of action* despite [his] due diligence."[48]

Noland argues that the statute of limitations should be tolled because defendants fraudulently concealed their offshore activities until September 2018,[49] when his attorney "conducted some online research and diligence."[50] But Noland originally filed this suit in July 2018, two months before the allegedly concealed facts were revealed. Because Noland presumably had a plausible claim for relief when he filed this lawsuit,[51] he cannot establish

---

[46] *Grimmett*, 75 F.3d at 512.

[47] *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415 (9th Cir. 1987) (quoting *Gibson v. United States*, 781 F.2d 1334, 1345 (9th Cir.1986)).

[48] *Grimmett*, 75 F. 3d at 514 (emphasis in original).

[49] ECF No. 78 at ¶ 28.

[50] ECF No. 98 at 18.

[51] *See* Fed. R. Civ. P. 11.

8

conduct that "would . . . lead a reasonable person to believe that he did not have a claim for relief" before he filed this lawsuit.[52] Plus, Noland fails to allege that the defendants *actively* concealed anything. He does not dispute that creation of these entities was a matter of public record.[53] Each entity included the words "Organo Gold" in its name,[54] weighing against a finding of active concealment. So I find that Noland did not plead fraudulent concealment, and I do not toll the statute of limitations on this ground.

I thus find that the face of Noland's complaint makes clear that the statute of limitations ran in 2012 at the latest and that equitable tolling is unwarranted. Because Noland did not file this suit until 2018, I grant Organo Gold's motion for judgment on the pleadings with respect to the federal RICO claims.[55]

**D.    I decline to exercise supplemental jurisdiction over Noland's state-law racketeering claims.**

Adjudicating Noland's federal RICO claims in the defendants' favor leaves only his state-law racketeering claims, over which I have been exercising supplemental jurisdiction under 28 U.S.C. § 1367(a).[56] Supplemental jurisdiction is not a right but a doctrine of discretion.[57] A federal judge may decline to exercise supplemental jurisdiction over state-law claims if all other claims that gave the district court subject-matter or original jurisdiction have been dismissed.[58]

---

[52] *Volk*, 816 F.2d at 1415.

[53] ECF No. 98 at 22–23.

[54] ECF No. 78 at ¶ 20.

[55] *See Grimmett*, 75 F.3d at 511 (four-year statute of limitations applies to civil RICO claims).

[56] ECF No. 78 at ¶ 2.

[57] *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

[58] *See* 28 U.S.C. § 1367(c).

A trial court's decision to decline or retain supplemental jurisdiction is informed by economy, convenience, fairness, and comity.[59]

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."[60] This is a usual case. Discovery has been stayed pending my decision on this motion.[61] And Nevada courts analyze the statute of limitations for state racketeering claims differently than federal courts analyze the statute of limitations for federal RICO claims, raising novel issues of state law.[62] Based on my consideration of how economy, convenience, fairness, and comity apply to this case, I decline to exercise supplemental jurisdiction over Noland's state-law racketeering claims, and I dismiss them without prejudice under 28 U.S.C. § 1367(c)(3).[63] And because I decline to exercise jurisdiction over Noland's state-law claims and his federal claims are time-barred, I deny Organo Gold's motion for summary judgment[64] and Noland's request for additional discovery pursuant to Rule 56(d) as moot, and I deny all other pending motions as moot, too.[65]

---

[59] *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

[60] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

[61] ECF No. 137.

[62] *See Siragusa v. Brown*, 971 P.2d 801, 812 (Nev. 1998) ("[W]e conclude that the term "injury" as used in [Nev. Rev. Stat. §] 207.520 encompasses discovery of both an injury and the cause of that injury."); *see also* ECF No. 82 at 17 n.9 ("It does not appear that Nevada courts have had the opportunity to address whether the separate accrual rule applies to Nevada's RICO statute.").

[63] Because I decline to exercise supplemental jurisdiction over Noland's state-law racketeering claims, I need not and do not reach Organo Gold's arguments for judgment on the pleadings on those claims.

[64] ECF No. 80.

[65] ECF No. 98 at 13–15.

**Conclusion**

IT IS THEREFORE ORDERED that Organo Gold's motion for summary judgment or judgment on the pleadings **[ECF No. 82] is GRANTED in part and DENIED in part**. I grant Organo Gold's motion for judgment on the pleadings on Noland's federal RICO claims against Noland and in favor of defendants Organo Gold International, Inc., Bernardo Chua, Organo Gold Enterprises, Holton Buggs, Jr., and Earlene Buggs. I deny the motion for judgment on the pleadings on Noland's state racketeering claims, and I deny the motion for summary judgment.

IT IS FURTHER ORDERED that Noland's state-law racketeering claims are **DISMISSED without prejudice** because I decline under 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction.

IT IS FURTHER ORDERED that the following motions **are DENIED as moot**: (1) Holton Buggs, Jr. and Earlene Buggs's motion to dismiss for lack of personal jurisdiction **[ECF No. 80]**; (2) Bernardo Chua, Organo Gold Enterprises, Inc., and Organo Gold International, Inc.'s motion for summary judgment and motion to strike Noland's summary judgment evidence **[ECF Nos. 117, 133]**; (3) Holton Buggs, Jr. and Earlene Buggs's motion for summary judgment **[ECF No. 118]**; (4) Noland's second request for additional discovery pursuant to Fed. R. Civ. P. 56(d) **[ECF No. 130]**; (5) Noland's request that the Clerk's notice of intent to dismiss pursuant to Fed. R. Civ. P. 4(m) be rescinded **[ECF No. 142]**; and (6) Noland's motions for order of substitute service on defendants Jamie Foo and Shane Morand **[ECF Nos. 145, 146]**.

The Clerk of Court is directed to **ENTER JUDGMENT** on Noland's first two claims for violations of the federal RICO act against Noland and in favor of defendants Organo Gold International, Inc., Bernardo Chua, Organo Gold Enterprises, Holton Buggs, Jr., and Earlene Buggs, **and CLOSE THIS CASE.**

Dated: September 20, 2019

_____
U.S. District Judge Jennifer A. Dorsey