**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES D. NOLAND, Jr.,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>BERNARDO CHUA; et al.,<br><br>    Defendants-Appellees,<br>and<br><br>SHANE MORAND; JAMIE FOO,<br><br>    Defendants. | No. 19-17018<br><br>D.C. No.<br>2:18-cv-01275-JAD-DJA<br>District of Nevada,<br>Las Vegas<br><br><br>MEMORANDUM[*] |

On Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted August 10, 2020[**]
San Francisco, California

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

Plaintiff, James D. Noland, Jr. appeals the summary judgment entered in favor of Defendants on his claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. We have jurisdiction under 28 U.S.C. §1291. Reviewing de novo both the district court's dismissal on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005), and the dismissal on statute of limitations grounds, Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996), we affirm.

1. Noland's first amended complaint establishes that, under the injury-discovery rule, the four-year civil RICO limitations period began to run in 2009 when Noland received the letter informing him that his partnership interests, including the right to ongoing payments and fees, had been terminated, and his status had been reduced to that of former distributor. See Pincay v. Andrews, 238 F.3d 1106, 1109–10 (9th Cir. 2001) (holding that receipt of a written disclosure of one's purported injury constitutes constructive notice sufficient to start the limitations period running). Therefore, Noland had until 2013 to file his RICO claim; because it was not filed until 2018, it was time-barred.

2. The first amended complaint does not allege facts constituting new and independent acts sufficient to restart the limitations period. The separate accrual rule provides that the civil RICO limitations period restarts when new, overt acts

2

occur within the limitations period.  See Grimmett, 75 F.3d at 512–513 (discussing the separate accrual rule).  Two elements must be established for an overt act to restart the period of limitations: "1) It must be a new and independent act that is not merely a reaffirmation of a previous act; and 2) It must inflict new and accumulating injury on the plaintiff."  Id., at 513 (internal quotation marks and emphases omitted).  The activity alleged in Noland's first amended complaint merely reaffirms the initial act to exclude Noland from the business.  In any event, according to the pleadings, Defendants' offshore transfer activities were completed in or before 2012, meaning that Noland had only until 2016 to file a RICO claim.  Because he waited until July 2018 to file, Noland's RICO claims were time-barred.

       3.     The limitations period was not equitably tolled by the filing of a parallel action in Canada.  The availability of equitable tolling "depends upon whether permitting the subsequent litigation to proceed will further the purposes of Congress in creating the cause of action and in limiting the period for filing."  Mt. Hood Stages, Inc., v. Greyhound Corp., 616 F.2d 394, 396 (9th Cir. 1980).  Mt. Hood is narrowly construed, and its application is "limited . . . to cases involving considerations of federal policy and primary jurisdiction."  Grimmett, 75 F.3d at 515 (internal quotation marks omitted).  The civil RICO statute "encourage[es] potential private plaintiffs diligently to investigate" their claims, Klehr v. A.O. Smith Corp., 521 U.S. 179, 187 (1997), and the Canadian action demonstrates Noland's awareness of his

3

asserted legal injury. Noland was not prevented from filing this action pending resolution of the Canadian case, and to allow tolling here would encourage delayed RICO filings and piecemeal litigation across multiple jurisdictions.

4. Equitable tolling on grounds of fraudulent concealment is not available to Noland. The limitations period does not toll simply because Noland was ignorant of Defendants' alleged offshore activity. "The doctrine of fraudulent concealment is invoked only if the plaintiff both pleads and proves that the defendant *actively* misled [him], and that []he had neither actual nor constructive knowledge of the facts constituting [his] cause of action despite [his] due diligence." Grimmett, 75 F.3d at 514 (some emphases omitted) (internal quotation marks omitted). On the face of the first amended complaint it is apparent that Noland filed this suit in July 2018 and did not learn of Defendants' alleged offshore activity until nearly two months later, in September 2018. Because Noland had sufficient knowledge to file his RICO claims <u>before</u> learning of the allegedly concealed facts, he cannot establish that Defendants' conduct led him to believe that he did not have a RICO claim despite due diligence. In addition, the first amended complaint fails to allege that Defendants actively concealed anything. It is also not disputed that the creation of the offshore entities was a matter of public record. Equitable tolling thus is not available to save Noland's case from dismissal.

5. The district court was not required to consider Defendants' motion for

4

summary judgment, or in the alternative, motion for judgment on the pleadings, as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The record below makes clear that no matters outside the pleadings were considered by the district court when ruling on Defendants' motion for judgment on the pleadings.

**AFFIRMED.**

(6 of 9)
Case 2:18-cv-07188-JAD-DJA, Document 170, 08/13/20, Page 6 of 9
Case 2:18-cv-07188-JAD-DJA Document 170 Filed 08/13/20 Page 6 of 9

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1) A. **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▶ A material point of fact or law was overlooked in the decision;
  ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B. **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

> - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
> - The proceeding involves a question of exceptional importance; or
> - The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)  Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3)  Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)  Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Post Judgment Form - Rev. 12/2018    3

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)** [ ]

**Case Name** [ ]

The Clerk is requested to award costs to (*party name(s)*):

[ ]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [ ] **Date** [ ]

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 10** *Rev. 12/01/2018*